**RYAN–WALSH, INC., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 94–429C.**

United States Court of Federal Claims.

Reissued Dec. 23, 1997.*

Decided Jan. 30, 1997.

Paul Welsey Killian, Sutherland Asbill & Brennan, Washington, DC, for Ryan-Walsh, Inc.

Richard Alan Miller, Steven Eric Gordon, U.S. Dept. of Justice, Civil Div.–Commercial, Litigation Branch, Washington, DC, for U.S.

## ORDER

BRUGGINK, Judge.

Pending are plaintiff's motion for leave to file deposition testimony as substantive evidence and defendant's motion *in limine* to restrict plaintiff's use, at trial, of evidence related to offers of compromise. Oral argument is deemed unnecessary. For the reasons stated herein, plaintiff's motion is granted in part and denied in part. Defendant's motion *in limine* is granted, subject to the limitations set forth below.

*Discussion*

1. *Deposition Testimony*

 Plaintiff has moved this court to allow the deposition testimony of Joseph

* This order is being reissued for publication on defendant's motion.

Walton, Joseph Madison, Ross Drake, Christina Dossman, and Harriet Benton to be submitted at trial as substantive evidence. The court will address each of these individuals separately:

(a) Joseph Walton was the Chief of Cargo Operations at the Military Ocean Terminal at Sunny Point (MOTSU). He is now deceased, but was deposed by the plaintiff before his death. Under Rules of the Court of Federal Claims (RCFC) 32(a)(3)(A), the court will allow Mr. Walton's deposition testimony to be offered by the plaintiff as substantive evidence at trial

(b) Joseph Madison was the Contracting Officer (CO) for the defendant during the claim periods at issue in this case. Mr. Madison was not an agent of the Government at the time of his deposition. As support for its argument that Mr. Madison's deposition testimony should be allowed as substantive evidence at trial in lieu of live testimony, plaintiff cites only RCFC 32(a)(3)(E). This rule provides that the court may allow the use of deposition testimony for any purpose when the court determines there are "exceptional circumstances," such that it is in the "interest of justice" to allow that use. The only "exceptional circumstances" cited by the plaintiff are cost and trial efficiency. From the briefs filed by the parties, it appears that Mr. Madison lives in the Washington, D.C. area, yet plaintiff has made no attempt to add him to its witness list. The court finds no exceptional circumstances that would justify the submission of Mr. Madison's deposition testimony as substantive evidence. However, the court will allow the plaintiff to add Mr. Madison to its witness list if it so moves.

(c) Ross Drake is a former executive of the plaintiff. Plaintiff asks only that it be allowed to submit Mr. Drake's deposition testimony if defendant does not call him as a witness. In its response to the plaintiff's motion, defendant has stated that it has issued a subpoena and does plan to call Mr. Drake as a witness at trial. Plaintiff cites to RCFC 32(a)(3)(B) as authority for its request. However, this rule specifically requires not only that the witness be located more than 100 miles away from the place of

trial, but that the party requesting the use of the deposition testimony have made a "timely request" to the court to authorize a subpoena to the witness. No such request was made to the court.

The plaintiff also cites RCFC 32(a)(3)(E) to argue that there are "exceptional circumstances" that justify the admission of Mr. Drake's deposition testimony at trial. However, the only circumstance cited by the plaintiff is that Mr. Drake may or may not be called as a witness by the defendant. This speculation does not satisfy the rule. Mr. Drake's testimony may not be offered by the plaintiff as substantive evidence at trial. If the Government calls Mr. Drake as a witness, plaintiff may of course use the deposition testimony for impeachment purposes.

(d) Christina Dossman was an assistant CO for the Government during the claims period in this case. Subsequent to the claims period, she became the CO for the contract at issue. RCFC 32(a)(1) provides that "Any deposition may be used by any party ... for any other purpose permitted by the Federal Rules of Evidence [ (FRE) ]." The plaintiff argues that Ms. Dossman's deposition testimony constitutes a party-opponent admission under FRE 801(d)(2)(D), and thus is admissible as substantive evidence under RCFC 32(a)(1). There is merit to this argument. The court will thus allow the submission of Ms. Dossman's deposition testimony as substantive evidence at trial, subject to the court's ruling on defendant's motion in limine. However, the court will require that the plaintiff offer, at trial, the specific material it wishes to have in evidence, not simply the entire deposition transcript.

(e) Harriet Benton is, and was during the claims period in this case, the Administrative Contracting Officer for the Government at MOTSU. Plaintiff seeks to offer her deposition testimony as substantive evidence at trial, and cites the same authority as that for Ms. Dossman. Accordingly, under the same analysis as in (d) above, the court will allow the use of Ms. Benton's deposition testimony. The court will require that the plaintiff offer, at trial, the specific material it wishes to have

in evidence, not simply the entire deposition transcript.

### 2. Motion in Limine

Defendant has moved this court *in limine* to issue an order restricting plaintiff's use of evidence at trial "relating [to] the United States' offers of compromise." Def. Motion at 1. The Federal Rules of Evidence specifically exclude statements made during compromise negotiations, and evidence of any such compromise efforts, when the evidence is offered to prove liability for or the validity of a claim. FRE 408. However, where such evidence is offered for another purpose, it may be admitted. *Id.* Here, the defendant's motion is aimed primarily at the deposition testimony of Christina Dossman, wherein she states that a certain proposed rate of profit on the plaintiff's claim was "fair and reasonable." This same testimony also allegedly reveals that the Government was not, at least at some point prior to the CO's final decision, asking any amount as a counter-claim against the plaintiff. The defendant asks that this deposition testimony be excluded as a statement made during negotiations for compromising the plaintiff's claim.

The plaintiff argues in response that it is offering the statements for a purpose other than to show the defendant's liability or the validity of plaintiff's claim. The "other purpose" cited by the plaintiff is that the Federal Acquisition Regulations limit the CO, when making determinations about any debt owed by the contractor to the Government, to "an amount that would have been considered acceptable in a negotiated agreement." *See* 48 C.F.R. 32.608(b) (1996). Thus, the argument goes, Ms. Dossman's statements about the "fairness" and "reasonableness" of the amounts of indebtedness ($0) and rates of profit in an earlier offer by the Government make the subsequent claims by the Government "illegal."

■ The court does not agree with the plaintiff's argument. There is simply no legally sufficient method for the court to ever determine what "would" have been "acceptable" in a negotiated settlement agreement. Plaintiff claims that here the acceptable amount is evidenced by the Government's position during negotiations for settlement, reflected by Ms. Dossman's statements from her deposition. If the Government was foreclosed from pursuing the full potential value of a claim simply because it had made an earlier settlement offer, there would likely be no settlement offers at all. One important purpose of FRE 408 is to provide incentive for the parties to a dispute to attempt compromise. Interpreting the FAR in the manner suggested by the plaintiff would be wholly inconsistent with the purposes of FRE 408. Accordingly, the defendant's motion *in limine* to exclude any evidence relating to specific offers of compromise, especially as to the "reasonableness" or "fairness" of amounts included in any offers, is granted.

However, even though plaintiff's articulated reason for offering certain evidence of compromise fails, there are other potential exceptions to FRE 408 that may arise at trial. Thus, because there are exceptions to the rule, the defendant will be required to make further objections at trial regarding any evidence it feels is improperly offered by the plaintiff in violation of FRE 408 and this order.

### · Conclusion

Subject to the limitations set forth above, plaintiff's motion for leave to file deposition testimony as substantive evidence is granted with respect to Christina Dossman, Harriet Benton, and Joseph Walton. The balance of plaintiffs motion is denied. Also subject to the limitations set forth above, defendant's motion *in limine* is granted.